

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:22-CR-0326-L |
| v. | |
| QUINTON DWAYNE VINE (10) | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Twenty of the superseding indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, Quinton Dwayne Vine, the defendant; the defendant's attorney, Scott Palmer; and the United States of America (the government) stipulate and agree to the following:

### I. Elements of the Offense

In order to establish the guilt of the defendant for the offense of possession with the intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 and as alleged in Count Twenty of the superseding indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) -

*First*: That the defendant knowingly possessed a controlled substance;
*Second*: That the substance was in fact a mixture or substance containing a detectable amount of methamphetamine; and

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

**Factual Resume—Page 1**

*Third:*   That the defendant possessed the substance with the intent to distribute it.

Violation of 18 U.S.C. § 2 -

*First*:   That the offense of possession of a controlled substance with the intent to deliver was committed by some person;

*Second*:   That the defendant associated with the criminal venture;

*Third*:   That the defendant purposefully participated in the criminal venture; and

*Fourth*:   That the defendant sought by action to make that venture successful.

## II. Stipulated Facts

Quinton Dwayne Vine admits and acknowledges that on or about February 11, 2022, in the Dallas Division of the Northern District of Texas, that he, aided and abetted by others including Durrell Haynes, knowingly possessed with the intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine.

In furtherance of the investigation, law enforcement agents/officers intercepted cellular phones used by Durrell Haynes, Morris Haynes, and others to conduct drug transactions and communicate on drug-related issues with others. For example, on February 11, 2022, Vine called Durrell Haynes and told him, "I need to snatch something." Durrell Haynes then asked, "What? Some trees, some beans?" Vine agreed, and said he only needed "30-40" (referring to the "beans," a term for pills that contained methamphetamine). Durrell Haynes responded, "…like two dollars a pop if you get like a hundred of them hoes." Vine agreed to get 100 and said, "I'll be there." Vine and Durrell Haynes then agreed to meet after Vine got off work in Carrollton. Later, at about 10:16 pm, Vine called Durrell Haynes and said he was going to go to Desoto. Durrell Haynes responded that "I'm in Desoto if you wanna come by, at your auntie house right

now. I got some hoes on me." Vine said, "At your momma house?" Durrell Haynes agreed. At about 11:12 pm, Vine called Durrell Haynes once more and said he was "turning in now." Durrell Haynes responded, "I'm, gonna jump outside." Durrell Haynes then provided Vine the methamphetamine they had previously discussed.

Thereafter, on May 21, 2022, Vine called Durrell Haynes' brother, Morris Haynes, and told Morris Haynes that he needed the "no labels" (a coded term for multi-color tablets they distributed that contained methamphetamine). Morris Haynes responded that he needed to call his source of supply and asked how many Vine needed; Vine responded with "50." Morris Haynes priced the tablets at "1.50 a pill if you get 100," and Vine agreed to purchase 100. Morris Haynes said he would call Vine back. In calls intercepted in the following days, Morris Haynes told Vine his source was in Houston but he would be back soon. Upon learning Morris Haynes' source was not in town yet, Vine became upset; Morris Haynes laughed and said, "I need some too, Quinn [Vine], I'm on the same boat, bro." Vine replied, "Man, I'm missing so much money right now." Morris Haynes agreed, and asked Vine, "What you be doing them hoes for, 10?" (meaning a $10 price). Vine agreed, and Morris Haynes told him, "Don't cheat yourself, Quinn, get 10 dollars out of them hoes." Vine responded, "Well I do, yeah, I do." Morris Haynes then stated that he "run through probably like about three or four hundred of them hoes (meaning methamphetamine pills) every week."

Vine agrees that he, aided and abetted by Durrell Haynes, possessed with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended

to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Twenty as set forth in the superseding Iindictment.

AGREED AND STIPULATED on this ⎯2⎯ day of ⎯September⎯, 2024.

_____
Quinton Dwayne Vine, Defendant

_____
Scott Palmer
Attorney for Defendant

_____
JOHN KULL  2240905
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8803
Email: john.kull@usdoj.gov

Factual Resume—Page 4